UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| **LESTER JONES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | CAUSE NO. 4:07-CV-001 AS |
| ) | |
| **ANN WERNER,** ) | |
| ) | |
| **Defendants.** ) | |

*OPINION AND ORDER*

Lester Jones, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1981 and a motion seeking leave to file the complaint. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

In his motion seeking leave to file his complaint, Mr. Jones explains that he knows that it is barred by the statute of limitations but asks permission to file it late because he was incarcerated and did not understand what he needed to file. The statute of limitations is an affirmative defense and precludes him from stating a claim on which relief can be granted, but it does not prevent him from filing a complaint with the clerk. The clerk received the complaint and has properly filed it. Therefore the motion seeking leave to file will be denied as moot.

As for stating a claim, even if Mr. Jones were able to avoid the statute of limitations (which he cannot), this claim is nevertheless barred by *res judicata*. In *Jones v. Goodman*, 4:06-CV-012 (N.D. Ind. filed Feb. 15, 2006), Mr. Jones sued Ann Werner based on these same facts alleging a violation of 42 U.S.C. § 1983. That case was dismissed with prejudice when summary judgment was granted in favor of the defendants and against Mr. Jones.

> Under the doctrine of *res judicata* (claim preclusion), a final judgment on the merits of an action bars further claims by the parties or their privies based on that same action. Moreover, *res judicata* bars not only those issues that the parties actually litigated, but also any issue which the parties could have raised in the prior action.

*Gray v. Lacke*, 885 F.2d 399, 404-405 (7th Cir. 1989) (citations omitted). Here, Mr. Jones could have raised this §1981 claim at the same time that he raised his §1983 claim. Though he did not, he is nevertheless barred from doing so now because he has already lost on the merits of that claim.

For the forgoing reasons, the court:

(1) **DENIES AS MOOT** the motion (docket # 2) to file; and

(2) **DISMISSES** this case pursuant to 28 U.S.C. §1915A.

**IT IS SO ORDERED.**

**ENTERED: January 8, 2007**

**S/ ALLEN SHARP**
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**
